United States District Court
Southern District of Texas
**ENTERED**
November 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER RIVAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-3058 |
| | § | |
| 2ML REAL ESTATE INTERESTS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

On June 19, 2022, Javier Rivas slipped and fell on a puddle of water and blood at a Fiesta Mart in Houston. (Docket Entry No. 1-2 at 3). Rivas sued the property owner, 2ML Real Estate Interests, Inc., asserting negligence, premises liability, and respondeat superior claims. (Docket Entry No 1-2). 2ML Real Estate answered that they lacked possession and control of the premises at the time of the incident, (Docket Entry No. 1-2 at 22). Rivas amended his complaint to add Fiesta Mart, LLC, the store where the incident occurred, and Sayda Reyes, the store manager. (Docket Entry No. 1-2 at 17).

Fiesta Mart removed to federal court, alleging that 2ML Real Estate and Sayda Reyes, the non-diverse defendants, were improperly joined. (Docket Entry No. 1 at 2–3). Rivas moved to remand on the basis that Sayda Reyes was properly joined. (Docket Entry No. 3 at 1). Based on the parties' briefs, the record, and the relevant law, the court denies Rivas's motion to remand. The reasons for this ruling are set out below.

I.  **The Legal Standard for Remand**

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

"[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021).  The Fifth Circuit has held that:

> [i]mproper joinder occurs when a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." The test is whether there is "no possibility of recovery by the plaintiff against an in-state defendant" or "no reasonable basis for [predicting recovery] against an in-state defendant." To determine if there was improper joinder, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Id.* at 1046 (footnotes and citations omitted).

"The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (alteration omitted) (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v.*

2

*Prudential Prop. & Cas. Inc.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

**II.     Analysis**

Rivas sues Reyes, the store manager, for negligence based on her independent duty to ensure that "the store she managed was safe for invitees," failure to "rectify the unreasonably dangerous condition that her mismanagement at the store helped to create," and failure to "clean[] and/or warn[] of the unreasonably dangerous condition[.]" (Docket Entry No. 1-2 at 17).  In his motion to remand, Rivas argues that Reyes was properly joined because she is liable, in her individual capacity, for creating the conditions that led to Rivas's injuries. (Docket Entry No. 3 at 1).  Fiesta Mart argues that Rivas has not pleaded any facts showing that Reyes personally created the dangerous condition and so cannot sustain a claim based on an independent duty of care. (Docket Entry No. 6 at 3, 10).

Under Texas law, "[a] corporate officer or agent can be liable to others, including other company employees, for his or her own negligence." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). An employee's individual liability arises when the employee "owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id*.  For example, an employee "whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment," because the employee "owes a duty of reasonable care to the general public[.]" *Id*.  Courts have held that if an "employee played a personal and active role in creating the dangerous condition at issue, then an independent duty of care existed, recovery was possible, and remand was appropriate." *Champion v. Wal-Mart Stores of Texas, LLC*, No. 5:16-CV-112, 2016 WL 1226942, at *3 (W.D. Tex. Mar. 24, 2016).

Courts have found that a store manager or employee owes an independent duty of care to a business-invitee plaintiff when the employee is personally involved in creating the dangerous condition that injured the plaintiff. In *Salcedo v. Albertson's LLC*, No. 19-CV-137, 2019 WL 13194255, at *1 (W.D. Tex. Nov. 7, 2019), the plaintiff was injured by a box that fell on his head when he retrieved a product from a freezer. The court found that the defendant employee owed an independent duty of care to the plaintiff because, in failing to stack the boxes properly, the employee had a "direct" and "personal" role in creating the dangerous situation that injured the plaintiff. *Id.* at *4–*5. *See, e.g.*, *Lopez-Monroy v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-00051, 2019 WL 3302615, at *5 (S.D. Tex. July 23, 2019) (an employee had an independent duty of care to the plaintiff because she created the dangerous condition through her operation of the forklift); *Land v. Wal-Mart Stores of Texas, LLC*, No. 14-CV-009, 2014 WL 585408, at *1, *4 (W.D. Tex. Feb. 13, 2014) (the defendant employee had an independent duty of care to the plaintiff because his operation of the floor-cleaning machines created the dangerous condition).

By contrast, in *Padilla v. Wal-Mart Stores Texas, LLC*, No. 19-CV-004, 2019 WL 2565260 (W.D. Tex. Apr. 9, 2019), the plaintiff sued Wal-Mart and a Wal-Mart store manager for injuries incurred when she slipped and fell at the store. *Id.* at *1. The court held that the manager was improperly joined because the manager did not cause the slippery floor and did not participate in an act or omission that led to the plaintiff's fall. *Id.* at *3; *see, e.g.*, *Molina v. Wal-Mart Stores, Texas, LLC*, No. 18-CV-1273, 2019 WL 410392, at *4 (W.D. Tex. Feb. 1, 2019) (store managers did not owe an independent duty of care to the plaintiff because the petition did not allege that the store managers created the dangerous situation); *Lyle v. 24 Hour Fitness, USA, Inc.*, No. 14-CA-300, 2014 WL 5094126, at *5 (W.D. Tex. Oct. 10, 2014) (a store manager did not have an independent duty of care to the plaintiff because the plaintiff failed to prove the manager's personal

4

involvement in creating the dangerous conditions even though the manager had "control, and/or supervision of the premises[.]").

Rivas cites to *In re Butt*, 495 S.W.3d 455, 465 (Tex. App.—Corpus Christi 2016, no pet.), in which the plaintiff sued the store's corporate officials for injuries sustained after he slipped and fell while shopping at the store. *Id.* at 458. But the court in *In re Butt* ultimately found that the corporate officers did not owe an independent duty of care to the plaintiff because they had not "personally created the allegedly dangerous condition at issue . . . a wet floor." *Id.* at 466.

Similarly, there are no facts alleged to support a finding that Reyes personally created or placed the mixture of water and blood on the floor that caused the dangerous condition. Rivas generally pleads that "[t]he duty of care that [Rivas] has pled was breached by . . . Reyes, derives from her personal, individualized participation and directing of the employees she manages in creating and causing the specific danger that was a substantial factor in bringing about Plaintiff's injuries and damages." (Docket Entry No. 3 at 7). But Rivas does not allege any information or facts about what Reyes personally did to create the dangerous condition beyond this conclusory claim. The record does not support a finding that Reyes placed the mixture of water and blood where Rivas fell or that Reyes was personally involved in causing the allegedly dangerous condition. Rivas cannot sustain a claim against Reyes on the pleadings.

Rivas's motion to remand, (Docket Entry No. 3), is denied.

SIGNED on November 13, 2023, at Houston, Texas.

*Lee H. Rosenthal*
_____
Lee H. Rosenthal
United States District Judge

5